## 7571. TURNER v. THE STATE.

HODGES, J. 1. The motion to dismiss the bill of exceptions upon the ground that the accused was not sentenced by the court is denied. "In the bill of exceptions in a criminal case reference to the sentence is immaterial, and it is not necessary that it should appear that the de-

fendant has been sentenced, where no error is assigned upon the sentence. An exception to the judgment overruling the motion for new trial is sufficient which assigns error upon the judgment." *Starling* v. *State*, 5 *Ga. App.* 172.

2. Deposit slips, or entries on bank books, are not necessarily the highest and best evidence of a deposit in a bank. Any one knowing the facts may testify as to the making of the deposit and as to the entry of the same.

3. The indictment charged L. C. Turner with the offense of larceny after trust. It alleged that one Guthrie owned $512.06, and that he deposited this money in a certain bank to the credit of L. C. Turner, clerk of the city court of Nashville, to be held for the use and benefit of Guthrie, and to be held by the said Turner as clerk of the court, pending the disposition of a certain suit wherein Guthrie was plaintiff. There was no variance between the allegata and the probata, Guthrie having testified in accordance with the allegations contained in the bill of indictment.

4. The facts and circumstances submitted to the jury authorized a finding that the money so deposited had been misappropriated by the accused. In his statement at the trial he denied that he had misappropriated it, and said: "I have got the money; . . there has not been any demand made upon me for the money in this case, and I am ready when the case is disposed of to put it up." Under the statement of the defendant a deposit was admitted, the jury found that he had misappropriated the deposit, and this court will not disturb the finding.

5. It is not necessary for an indictment under section 192 of the Penal Code to allege that a demand was made upon the accused; and it follows that it is unnecessary to prove such a demand. *Hagood* v. *State*, 5 *Ga. App.* 80 (62 S. E. 641).

6. It was not necessary to prove that the suit in which the funds were to be applied had been disposed of.

7. The facts and circumstances submitted to the jury established the allegation of the indictment as to the existence of the relation of trustee between the accused and Guthrie.

8. The verdict was authorized by the evidence and was not contrary to law.                                            *Judgment affirmed.*

DECIDED OCTOBER 4, 1916.

Indictment for larceny after trust; from Berrien superior court —Judge Thomas. May 6, 1916.

*J. W. Powell, C. A. Christian, Hendricks, Mills & Hendricks,* for plaintiff in error.

*J. C. Smith, solicitor-general pro tem.,* contra.